# JOFFÉ BROTHERS & COMPANY ET AL., Complainants,
## v.
# J. FERNANDEZ & COMPANY ET AL., Defendants.

OPINION ON APPLICATION FOR APPOINTMENT OF RECEIVER.

1. General military order 224, relative to suspension of payments, construed in connection with the Code of Commerce and Code of Procedure, does not bind creditors who are not present at the creditors' meeting, and who have not been notified of the proceedings.

2. In a case of violation of trust, or to prevent abuse or fraud, a court of equity will interfere even in case a suspension of payment has been decreed, and a receiver may in such case be appointed.

January 10, 1901.

*Messrs. Pettingill & Keedy,* solicitors for complainants.

*Messrs. Horton & Cornwell,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This is an application for the appointment of a receiver of the property of the defendant firm, J. Fernandez & Company. The complainants, Joffé Brothers & Company and Hinne & Company, are foreign creditors. It appears that the defendant firm, being indebted in a large amount, applied on April 26th, 1900, to the insular district court for suspension of payment. Some time prior to this, the defendant firm had agreed in writing to transfer to the complainant Joffé Brothers & Com-

pany certain securities, to wit, debts and claims on other par-
ties, for the payment of their debt. This was not carried out,
as the defendant firm afterward asked that these claims be
taken in absolute payment, *pro tanto,* of the debt of Joffé Broth-
ers & Company. The agent of the latter firm was willing to
do this, but having no power to agree to it, wrote to Joffé Broth-
ers & Company for the necessary authority, and soon after the
defendant company applied for a suspension. It is claimed
the defendant company entered into this negotiation with the
complainant firm merely to deceive and gain time. Some time
thereafter the application for suspension of payment was grant-
ed by the insular court upon the terms that the creditors were
to be paid in four equal instalments, not beginning, however,
for three years from then, making a period of seven years be-
fore payment would be completed.

Coadministrators of the firm were selected, but they appear
to have paid no attention to the business in conjunction, leav-
ing its entire conduct to the defendant José Fernandez. It is
claimed, under military general order 224, that the complain-
ants are bound by this proceeding, and that said order repealed
the existing law as to the suspension of payments. The Code
of Commerce gives this right, and by § 873 the procedure must
conform to the special law, and the law of procedure then in
force was the Code of Procedure, and the Code of Commerce
recognizes it as being in force. Creditors residing beyond the
seas are not affected by the proceedings for the suspension of
payments unless they attend the meeting of the creditors. Gen-
eral order No. 224 does not alter this rule, and if it purported
to do so, and bind them without notice, it would be unreasonable
in character. It is claimed the complainants Joffé Brothers &
Company were present at the meeting of the creditors by an at-
torney; but it is not shown that anyone was present with doc-

umentary evidence of such authority    Code Civ. Proc. §
1137.

Had it been so, even this would not prevent this court from
now interfering, at the interest of said complainant firm, to pre-
vent abuse or fraud, or a violation of the trust.   In my opinion,
however, the complainant firm is not affected by the action of
the creditors, for the reason that they were not present or taking
part in the meeting.   A large proportion of the indebtedness
was owing to foreign creditors.   The securities, or mortgage
claims, which were to have been transferred to Joffé Brothers
& Company, have, with others, been sold to another party by
the defendant José Fernandez, acting as liquidator, since the
suspension of payment, and for about one half their face value.
It is claimed this was done to raise money, and to buy debts
on the defendant firm, but which debts were bought in at much
less than their amounts.   It also appears that before the appli-
cation for suspension of payment, the defendant firm issued
evidences of large indebtedness to certain parties, among whom
are two of the special partners of the defendant firm, to wit,
Cerrecedo Hermanos and Victor Martinez.   It is claimed this
was bona fide indebtedness; but it is, at least, suggestive of de-
ceit, and that there should have been, instead of doing this, an
effort to pay outside creditors.   The defendant José Fernandez
has seemingly managed and controlled the entire business with-
out advice or restraint; but, passing by all these matters, and
allowing that they only serve to raise suspicion, it further ap-
pears that the defendant firm had, when it suspended payment,
over $270,000 in notes, drafts, mortgages, accounts, merchan-
dise, and cash, and that it has only paid its creditors something
over $10,000, and this has been done in the purchase of debts
by the defendant José Fernandez.   No account is given of the
condition of the balance of the assets,—where they are or in

whose hands. In fact, it is shown that, at the time of the suspension of payments, the defendant company had on hand a large stock of merchandise, to wit, over $70,000 worth; and that just before suspension, or since, the greater portion of it has been removed or disposed of; and that there is not on hand now more than $8,000 worth. It is shown that a portion of this merchandise was shipped to another place, to one of the special partners, on November 12th, 1900, and this suit was brought seven days thereafter.

It thus appears that the creditors have been paid comparatively little, and this only by a large discount of debts. The character of this estate forces the conclusion that a large sum of money could have been realized in a short time and paid to the creditors, if such had been the desire of the defendant company.

The power to appoint a receiver should be sparingly exercised; but one should be appointed whenever in the exercise of sound discretion it appears that an indifferent person should have charge of the estate.

The defendant Fernandez has not responded by affidavit satisfactorily to the interrogatories in the bill, or made such disclosures as a trustee should make; and he stands in that attitude as to the creditors. I am of the opinion that a receiver should be appointed, and a decree will be so entered.